DAN COLYER et al., Respondents, v. THE MISSOURI
PACIFIC RAILWAY CO., Appellant.

Kansas City Court of Appeals, May 8, 1905.

1. **APPELLATE PRACTICE: Conflicting Evidence: Weight of.**
Appellate courts will not consider matters pertaining to the
weight of evidence.

2. **RAILROADS: Killing Stock: Fences: Causal Connection.** Plaintiff to recover for animals killed by reason of a defective railroad fence must show that by reason of the defect the animals entered into danger.

3. ———: ———: **Evidence.** On a review it is found that the verdict is supported by substantial evidence.

4. ———: ———: **Instructions.** Instructions held not to be subject to the objection that they did not inform the jury what kind of fence was required nor required them to find the animals entered through the fence and not a gate.

_Appeal from Jackson Circuit Court.—*Hon. James Gibson*, Judge._

AFFIRMED.

*Elijah Robinson* for appellant.

(1) There was no substantial evidence to support the verdict in this case, and therefore the judgment should be reversed. (2) There is no principle of practice better settled by the decisions of the appellate courts of this State than that a verdict will not be permitted to stand unless it be supported by substantial evidence. Blumenthal v. Torini, 40 Mo. 159; Rea v. Ferguson, 72 Mo. 225; Crane v. Timberlake, 81 Mo. 481; Avery v. Fitzgerald, 94 Mo. 207; Long v. Moon, 107 Mo. 334; McFarland v. Accident Assn., 124 Mo. 204; State v. Bryant, 134 Mo. 246; Hewitt v. Steele, 136 Mo. 327; Cole v. Armour, 154 Mo. 333; Ashley v. Green, 38 Mo. App. 288;

Kehoe v. Phillipi, 42 Mo. App. 292; Heintz v. Mertz, 58 Mo. App. 405; Gage v. Trawick, 94 Mo. App. 307; Cook v. Railroad, 94 Mo. App. 417; Baker v. Stonebraker, 36 Mo. 345; Price v. Evans, 49 Mo. 396; Bautrain v. Railroad, 78 Mo. 44; Rosecrans v. Railroad, 83 Mo. 678; Spohn v. Railway, 87 Mo. 74; Cannon v. Moore, 17 Mo. App. 92. (3) A verdict which must have necessarily been the result of a mere guess or conjecture upon the part of the jury, ought not to be permitted to stand. Moore v. Railway, 28 Mo. App. 622; Peck v. Railway, 31 Mo. App. 123; Peffer v. Railway, 98 Mo. App. 291; Shertle v. Railway, 97 Pa. St. 450. (4) The evidence in this case fails to show that the fence which was broken down and through which plaintiffs contend the mules got onto defendant's right of way, was such as required by the statute. (5) Plaintiffs' instruction numbered 2 was calculated to mislead the jury and should not have been given.

*Flournoy & Flournoy* for respondent.

(1) This is the second appeal in this case. The former judgment of this court is found in 93 Mo. App. 147. On the former appeal this court decided that there was sufficient evidence to sustain the verdict, but reversed the judgment on account of errors committed by the trial court in the admission of testimony and in the giving of instructions. The evidence on the second trial is the same as on the first trial, except that it is much stronger on the point as to the bad condition of the fence. (2) The errors made in the instructions and in the admission of testimony on the first trial were avoided in the last trial. Hence the opinion and conclusions of this court in the former appeal are *res adjudicata* on all questions in this appeal. Printing Co. v. Protective Ass'n, 81 Mo. App. 467.

JOHNSON, J.—This case was here once before upon defendant's appeal and was remanded for a new trial because of errors in the admission of evidence and in the instructions given on behalf of plaintiffs. The opinion is reported in the 93 Mo. App. 147.

The suit is for the recovery of double damages under the provisions of section 1105, Revised Statutes 1899. In the original petition upon which the case first was tried it was alleged that "defendant with its engines and cars struck and run over twenty mules belonging to plaintiffs at a point on its road where the same passes through and along an inclosed field . . . thereby immediately killing five of said mules, injuring eight so that they thereafter died, and greatly injuring the balance of said mules. That said road was not inclosed with a good and lawful fence at the point where said mules got on said road and were killed and injured, and that said mules got on said road and were killed and injured by reason of the failure and neglect of defendant to erect and maintain good and lawful fences along the sides of its road where the same passes through and along an inclosed field," etc.

After the case was remanded, plaintiffs filed an amended petition identical in its allegations with the original, except that it charged the fatal injuring of thirteen mules instead of eleven. The second trial resulted in a verdict for plaintiffs in the sum of $1585, upon which judgment was entered for double that amount.

Defendant's first complaint is that there was no substantial evidence to support the verdict. There is no claim made by plaintiffs in the evidence that the fence separating their pasture in which the mules were kept from defendant's right of way was not a lawful fence at the time it was built by defendant. The complaint is that, it had been permitted to become so defective and insecure that it had ceased to meet the requirements of the statute.

It is conceded the mules were injured upon defendant's track by being run into by one of its trains. Also, that a part of the fence was afterwards found overthrown; and abundant evidence appears tending to show its insufficiency to restrain such animals under ordinary conditions because of the decayed state of its posts and wires. Further, it appeared that grass grew upon the right of way and the mules were in the habit of reaching through the fence in efforts to graze upon it. One of plaintiffs' witnesses testified that the fallen fence lay as it fell upon the right of way, indicating that the force which pushed it over had been exerted from the pasture side. It is true, this statement was contradicted by all of defendant's witnesses who testified upon the subject, and plaintiffs' said witness admitted on cross-examination he did not particularly notice the fence; but these are matters pertaining to the weight to be given his evidence—a subject we will not consider here.

The gate in the fence opened into the pasture, and it is shown by the men who attended the mules that when they left the evening before it was closed and latched. Defendant's evidence very strongly supported its claim that the gate had been opened by some one and the mules had gone through there to the track, and that the fence had been pushed over after the accident by the stampeded mules in their frantic efforts to escape from the presence of danger. It cannot be gainsaid that, if the animals entered upon the right of way through the open gate plaintiffs could not recover in this action, notwithstanding the insecurity of the fence; for there would be no causal connection between the injury and such defective condition, and it is elemental to the right to recover for plaintiffs to show that a lawful fence was not maintained, and through its insufficiency the animals entered into danger.

Colyer v. Railroad.

But if plaintiffs' evidence is to be believed, they have fully sustained their burden of proof, for under the facts disclosed, the only reasonable conclusion is that the mules reached the track by passing through the gap opened by the overturning of the fence, made possible by the defective condition of its posts and wires. It cannot be said the jury was left to conjecture. It was required to choose between the conflicting testimony offered by the parties, and it resolved the issues of fact thus raised in favor of the plaintiffs. The verdict is supported by substantial evidence.

Criticism is made of plaintiffs' main instruction in two particulars; First, it is said the jury was told, "to determine whether the fence was such as the defendant was required to maintain without informing them what kind of fence it was required to maintain;" and, second, that the jury was not required to find that the mules entered the right of way through the fence and not through the gate.

Relative to the first point, the instruction required the jury to find that, "the posts of said fence were rotten and the wire of said fence weak from old age and rust, and that on that account said fence was defective and insecure," etc. The original sufficiency of the fence was conceded, and the vital issue was the failure of defendant to maintain it in a reasonably sound condition. The jury was required by the direction in order to find for plaintiffs to believe that such a state of decay existed in the component parts of the fence as to make it insecure as such. We perceive no error in this.

And on the second point, a verdict was required to be predicated upon the finding that "said mules got upon said road and were killed and injured because of such defective condition of said fence." Following the charge contained in this language, the jurors could not have returned a verdict for plaintiffs had they believed

the mules reached the right of way through the open gate and not over the fallen fence.

The case was fairly submitted and no error appearing, the judgment is affirmed. All concur.